[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The sole issue tried to this Court on January 25, 1991 is the amount of damages plaintiff is entitled to recover as a result of defendant's breach of contract. In this particular case the measure of damages is the contract price defendant was to have paid for the liquor license less the fair market value of the liquor license that plaintiff has retained. The contract price is $25,000. The only issue in dispute is the fair market value of the liquor license on the date of the breach of contract.
Sale of the "Gate 17" license, a comparable sale so-called, which occurred within one month of the breach of contract is the most persuasive evidence offered regarding the value of the license in question. That sale was made by a receiver. That license sold for $3,000. That sale is certainly more reliable evidence than the alternative evidence that defendant urges the Court to consider.
Evidence of a prior offer regarding the Gate 17 license is not reliable. First, it was merely an offer. Secondly, it was made nearly one year before the breach of contract.
The sales price of another license held by defendant is also flawed with respect to using it as a comparable sale. Its probative value is undermined by its remoteness in time to the date upon which the breach of contract occurred. Furthermore, the sale was one part of a larger transaction that had other pricing components, thus casting doubt on whether the $20,000 sales price reflected the true value of the license.
Accordingly, the Court awards damages to the plaintiff in the amount of $22,000 (i.e. $25,000 — $3,000). The clerk will enter judgment accordingly including statutory interest.